The Inhabitants of Searsmont, *plaintiffs in error, vs.* Farwell.

The superintending school committee have no power to dismiss a schoolmaster, unless for one of the causes mentioned in *Stat.* 1821, *ch.* 117, *sec.* 3;—and this must be by writing, under their hands, specially assigning the cause of dismissal.

In a writ of error to the Court of Common Pleas, in a cause in which the plaintiffs in error were defendants, the case was thus;—

The son of the original plaintiff, having obtained the testimonials required by the statute, was regularly employed as a schoolmaster, in one of the districts in *Searsmont,* for three months. During that period, a number of the inhabitants, becoming dissatisfied with him, addressed to the superintending school committee a petition for his discharge, alleging that for want of natural abilities, he was not qualified to instruct their school; which petition the committee sent to him, with a note, stating that in consequence of the petition, and because it was manifest to them that where much excitement and disaffection existed between the instructer and the parents of the scholars, but little benefit could result from a continuance of the school, they were of opinion that he ought to be discharged, and accordingly discharged him from the school. He continued, however, to instruct the school for another month, completing the term originally contracted for;

Searsmont *v.* Farwell.

and to recover pay for the service of the last month this action was brought, the two former months having been paid for.

At the trial in the Court below, the defendants offered the depositions of divers inhabitants of the district to prove the incapacity and cruelty of the plaintiff's son, as well as the disaffection against him;—but this evidence was rejected by *Whitman* C. J. before whom the cause was tried; and he instructed the jury that the order of discharge given by the committee, not containing any express adjudication respecting the fitness or unfitness of the instructer, was not sufficient to dissolve the contract. To which the defendants excepted.

*Crosby,* for the plaintiffs in error, contended that the committee were not bound to render any reasons for the dismissal of a schoolmaster; the law having made the contract subject to their discretion. The sole object of the law is to provide for the education of youth; and many cases may be supposed in which the continuance of an instructer, of sufficient learning, and of good morals, may be not only unprofitable, but destructive of the object sought;—as, if he be lax in discipline, or disgusting in his manners, &c. These cases must necessarily fall under their observation, it being made their duty to visit the schools; and of course the merits of the instructer are continually under a course of trial, and upon them the committee may adjudicate whenever they are satisfied, without a more formal notice or hearing.

But if it is necessary that causes should be specially assigned for the dismissal of a schoolmaster, they are sufficiently apparent from the petition and certificate of discharge, taken together. The proceedings, under a statute so highly beneficial, ought, if possible, to be supported.

He contended further that without any adjudication by the committee, the town had a right, at the trial, to resist the plaintiff's demand, by shewing him incapable to teach. For the contract on his part amounts to an undertaking that he is able to do what he proposes, and if this is false, the contract is void.

*Ashmun* and *Abbot,* for the original plaintiff, said it was as important to the community that schoolmasters be protected from unfounded popular caprice and disaffection, as that none but fit

teachers be employed. And they argued that the powers granted to school committees were to be interpreted as all other limited powers, and, like them, to be strictly pursued. The committee might, upon proper application, summon the party before them, and after due hearing and examination, might for good cause dismiss him; but these proceedings ought to appear on the face of the order of dismissal. *Rex v. Croke Cowp.* 26.

Weston J. delivered the opinion of the Court.

In this case it appears that the son of the plaintiff, having first procured from the superintending school committee of the town of Searsmont, and also from some person of liberal education, literary pursuits, and good moral character, residing within the county, certificates that he is well qualified to instruct youth in reading, in writing the English language grammatically, and in arithmetic, and other branches of learning usually taught in public schools; and also a certificate from the selectmen of the town, where he belongs, that, to the best of their knowlege, he is a person of sober life and conversation, and sustains a good moral character, in conformity with the fourth section of the act providing for the education of youth; was employed by the school agent for school district number one in said town, to keep a school in said district, for the term of three months, for a certain stipulated price per month. He having kept a school for the period agreed, and payment having been made only for two months; this action is brought by the plaintiff, who was entitled to the earnings of his son, for the services performed during the third month.

The contract having been fairly made, and in pursuance of law, and the services having been performed, the plaintiff is entitled to recover; unless the defendants have shewn themselves legally discharged from the contract.

It appears that, at the expiration of two months, certain inhabitants of the school district represented to the superintending committee that, in their opinion, the plaintiff's son, for the want of natural abilites, is not qualified to instruct their school; and they thereupon pray that he may be discharged. In pursuance of this representation, the superintending committee addressed a

Belmont *v.* Pittston.

letter to the master, discharging him from further service, by reason of the excitement and disaffection, existing between himself and the parents of the children; and the little benefit which might result from the further continuance of the school.

The third section of the law before cited, provides that " the " said committee shall have power to dismiss any schoolmaster " or mistress, who shall be found incapable, or unfit to teach any " school, notwithstanding their having procured the requisite " certificates." This, being an authority given to those who represent one party only, to vacate a contract, must in our opinion be strictly pursued according to the provisions of the act, to have that effect. The superintending committee, not finding or assigning the reasons, which by the act would authorize them to discharge the master, he cannot therefore be considered as having been discharged, by any adequate or competent authority. The statute having pointed out a mode by which the contract might be dissolved, and that by a board elected by the defendants, by reason of the incapacity or unfitness of the master, the testimony, by which the question of his unfitness or incapacity, was attempted to be submitted to the jury, was in our opinion properly rejected.

The superintending committee are constituted by the statute a tribunal, to adjudicate upon the unfitness or incapacity of the master. While acting fairly, in the exercise of this authority, they have upon these points a visitatorial power, which cannot be taken from them, and transferred to others.

The exceptions in this case are overruled; and the judgment of the Court below is affirmed with costs.